UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| de CARLOS FREEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:15-CV-495-PPS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

de Carlos Freeman, a pro se prisoner, filed a habeas corpus petition challenging his conviction for Resisting Law Enforcement and 30 month sentence on November 9, 2011, by the Elkhart Superior Court under cause number 20D06-1106-FD-213. [DE 1.] Habeas corpus petitions are subject to a strict one year statute of limitations and the Respondent argues that the petition is untimely.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In his traverse, Freeman argues that his petition is timely, but he does not dispute that the 1-year period of limitation began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" pursuant to 28 U.S.C. § 2244(d)(1)(A). Freeman filed a direct appeal and the Court of Appeals of Indiana affirmed his conviction on March 30, 2012. He argues that he "tried to file a petition to transfer to the Indiana Supreme Court [but] due to counsel not responding," DE 16 at 3, and "because of facility lockdowns I was late in filing my appeal," DE 17 at 3. These arguments could be considered as "cause" for excusing procedural default, but they do not extend the 1-year period of limitation. If State officials had stopped him from filing a habeas corpus petition (rather than a petition to transfer), that could set a different start date for the 1-year period of limitation pursuant to 28 U.S.C. § 2244(d)(1)(B). However, Freeman does not present that argument and the facts would not support it if he had done so.[1] Thus, as Freeman admits, he did not file a timely petition to transfer to the Indiana Supreme Court.

---

[1] Freeman clearly was not prevented from filing a habeas corpus petition sooner because he was able to send numerous other filings to this court before the deadline expired. *See Freeman v. Ray*, 3:12-CV-154 (N.D. Ind. filed March 30, 2012); *Freeman v. Indiana Department of Corrections Commissioner*; 3:14-CV-1987 (N.D. Ind. filed October 16, 2014); *Freeman v. Indiana Department of Corrections Commissioner*, 3:14-CV-1989 (N.D. Ind. filed October 16, 2014).

Therefore, the time for seeking direct review of his conviction expired on April 30, 2012. *See* Indiana Rules of Appellate Procedure 56.C.(1) and 25.A.

When he filed a post-conviction relief petition on February 20, 2013, that stopped the clock. But by then, 295 days had elapsed and Freeman only had 70 days remaining.[2] The clock re-started when the Indiana Supreme Court denied his petition to transfer on May 8, 2015. The next day, on May 9, 2015, the 1-year period of limitation began counting down those last 70 days. The deadline for filing a habeas corpus petition expired on August 6, 2015. Because this habeas corpus petition was not signed until October 13, 2015, it is untimely and must be dismissed. Though this might seem harsh, even petitions that are one day late are time barred. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted); *Simms v. Acevedo*, 595 F.3d 774, 779 (7th Cir. 2010).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable

---

[2] When necessary, the 1-year period of limitation is counted as (and divided into) days. *See Holland v. Florida*, 560 U.S. 631, 638 (2010) ("At that point, the AEDPA federal habeas clock again began to tick – with 12 days left on the 1-year meter.")

3

whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage Freeman to proceed further, a certificate of appealability must be denied. For the same reasons, he may not appeal *in forma pauperis* because an appeal could not be taken in good faith.

For these reasons, the Court:

(1) **DENIES** Freeman's petition for writ of habeas corpus [DE 1] because it is untimely;

(2) **DENIES** a certificate of appealability;

(3) **DENIES** leave to proceed on appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3) because an appeal in this case could not be taken in good faith; and

(4) **DIRECTS** the Clerk to close this case.

**SO ORDERED.**

ENTERED: January 24, 2017.

                                             s/ Philip P. Simon
                                             **PHILIP P. SIMON, CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**